**FILED**
**DECEMBER 3, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6782**

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, WILLIAM T. MCDONOUGH, DAVID BLITZSTEIN, ROGER ROBINSON, KENNETH R. BOYD, BRIAN A. PETRONELLA, WALTER B. BLAKE, WILLIAM M. VAUGHN, III, RICHARD A. MANKA ROBERT J. FLACKE, STEPHEN T. BROWN, RICHARD D. COX<br><br>P.O. Box 11102<br>Chicago, Illinois<br>60611-0102<br>          Plaintiffs,<br><br>v.<br><br>GEPPERTH'S MEAT MARKET, INC.,<br><br>1964 N. Halsted Street<br>Chicago, IL 60614<br><br>          Defendant.<br><br>Serve:<br>    Gepperth's Meat Market, Inc.,<br>    c/o Otto Demke<br>    452 Stewart Avenue<br>    Park Ridge, IL 60068 | **JUDGE CASTILLO**<br>**MAGISTRATE JUDGE ASHMAN**<br><br>Case No._____ |

## COMPLAINT

Plaintiffs, by counsel, hereby complain of Gepperth's Meat Market, Inc., (hereinafter referred to as "Defendant") as follows:

1

## Jurisdiction and Venue

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 1331 and 1337 (federal questions and commerce) and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e)(1), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## Parties and Background

3. Plaintiff, United Food and Commercial Workers International Union-Industry Pension Fund ("Fund"), is a multi-employer employee benefit plan within the meaning of Section 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

4. Plaintiffs, Anthony M. Perrone, William T. McDonough, David S. Blitzstein, Brian A. Petronella, Roger Robinson, Kenneth R. Boyd, Walter B. Blake, William M. Vaughn, III, Stephen T. Brown, Robert J. Flacke, Richard A. Manka, and Richard D. Cox, are Trustees of the Fund. The Trustees are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21). The Fund is administered in Chicago, Illinois. The Trustees bring this action on behalf of the Fund and its participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

5. On information and belief, the Defendant is incorporated in the State of Illinois and, at all times relevant hereto, maintained its principal place of business at 1964 N. Halsted Street, Chicago, Illinois 60614.

6. The Defendant and the United Food and Commercial Workers Union Local 1546C are now and have been at all times pertinent to this action parties to a collective bargaining agreement ("Agreement") obligating the Defendant to make monthly payments to the Plaintiff Fund for any and all employees covered by the Agreement.

7. For the period August 2007 through October 2007, the Defendant failed to pay the Fund the sum of $1,514.68 in required contributions owed under the terms of the Agreement.

8. Liquidated damages of 20% of the delinquent amounts described in Paragraph 7 are owed as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) in the amount of $302.94.

9. Interest on the unpaid contributions described in Paragraph 7 is accruing from the date due and continuing until payment is received.

10. Fund counsel has demanded payment of the delinquent contributions, but the Defendant has not responded.

11. Unless ordered by this Court, the Defendant will continue to refuse to timely file remittance reports and to timely pay the Fund the amounts owed.

12. The Defendant is indebted to the Fund in the minimum amount of $1,817.62, plus interest.

### Count I

### Violations of ERISA

13. Plaintiffs incorporate Paragraphs 1 through 12 as if stated herein.

14. By the foregoing conduct, the Defendant violated Section 515 of ERISA, 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs pray that the Court;

A. Order the Defendant to pay to the Fund:

(1) the sum of all delinquent payments;

(2) interest on all amounts due, from the dates they became due and owing as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3) attorneys' fees and other costs and disbursements in this action as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

(4) the greater of interest on the delinquent amounts or liquidated damages of 20% of the delinquent amount as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and

(5) additional amounts which may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of the Defendant's employment records.

B. Restrain and enjoin the Defendant, its officers, agents, servants, attorneys, successors, assigns, and all persons acting on its behalf or in conjunction with it from:

(1) refusing to timely file remittance reports due the Fund for all periods for which the Defendant is obligated to file such reports under the terms of a collective bargaining agreement; or

(2) failing or refusing to pay to the Plaintiffs all amounts, including contributions, late fees, interest, liquidated damages, and costs due to the Trust for which the Defendant is obligated to make payments under the terms of the Agreement;

C. Retain jurisdiction of this case pending compliance with its Orders, and

D. Grant such other and further relief as the Court may deem just.

Dated: November 30, 2007

Respectfully submitted,

*[signature]*

Jeffrey S. Endick, Esq. (Bar No. 4133661)
Christopher J. Schulte, Esq.
Slevin & Hart, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036
(202) 797-8700

*[signature]*

Sherrie E. Voyles, Esq. (Bar No. 06242386).
Jacobs, Burns, Orlove, Stanton & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, IL 60603
(312) 327-3444

Counsel for Plaintiffs

   A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

78416

5